Filed 5/24/21  P. v. Wohn CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075800 |
| v. | (Super.Ct.No. RIF1307093) |
| RONALD JUN WOHN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Affirmed.

Mark Raymond McDonald for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

1

In July 2013, Ronald Jun Wohn pled guilty and completed drug treatment and probation for a drug possession offense. In 2016, the trial court dismissed his conviction under a provision authorizing dismissal of a conviction if it "finds that the defendant successfully completed drug treatment, and substantially complied with the conditions of probation, including refraining from the use of drugs after the completion of treatment." (Pen. Code, § 1210.1, subd. (e)(1), unlabeled statutory citations refer to this code).

In 2020, Wohn petitioned to have his arrest record sealed under a provision permitting the sealing of arrest records for anyone "who has suffered an arrest that did not result in a conviction." (§ 851.91.) The trial court denied the petition. Wohn argues this was error because the earlier dismissal of his conviction rendered his arrest one that did not result in a conviction. We conclude dismissal under section 1210.1 subdivision (e), does not change the fact that the arrest resulted in a conviction as defined in section 851.91. We therefore affirm.

## I. FACTS

On July 24, 2013, Wohn pled guilty to possessing methamphetamine. (Health and Saf. Code, § 11377, subd. (a).) The court suspended imposition of sentence and placed him on three years' probation under Penal Code section 1210.1, subdivision (a), which codified the provisions of Proposition 36. In February 2016, the court reduced Wohn's felony to a misdemeanor.

In March 2016, Wohn completed probation, which included mandatory drug treatment. The court then dismissed his conviction under section 1210.1, subdivision (e)(1).

In August 2020, Wohn petitioned to have his arrest record sealed under section 851.91. The court denied the petition, and Wohn timely appealed.

## II.  ANALYSIS

Section 851.91, passed by the Legislature in 2017, allows "[a] person who has suffered an arrest that did not result in a conviction" to "petition the court to have his or her arrest and related records sealed." Wohn argues section 851.91 applies to his arrest because, under the terms of section 1210.1, subdivision (e)(1), upon successful completion of probation and drug treatment the court must dismiss the conviction and "both the arrest and the conviction shall be deemed never to have occurred."[1] (§ 1210.1, subd. (e)(1).)

Controlling here is the fact that section 851.91 defines the circumstances under which a conviction didn't occur in a manner that excludes Wohn's situation. "For purposes of this section, an arrest did not result in a conviction if any of the following are true: [¶] (A) The statute of limitations has run on every offense upon which the arrest was based and the prosecuting attorney of the city or county that would have had jurisdiction

---

[1] Wohn also argues we must reverse because the trial court erroneously relied on *People v. E.B.* (2020) 51 Cal.App.5th 47. However, we affirm a trial court ruling that is "correct upon any theory of law applicable to the case . . . regardless of the considerations that moved the lower court to its conclusion." (*Belair v. Riverside County Flood Control Dist.* (1988) 47 Cal.3d 550, 568.)

3

over the offense or offenses upon which the arrest was based has not filed an accusatory pleading based on the arrest. [¶] (B) The prosecuting attorney filed an accusatory pleading based on the arrest, but, with respect to all charges, one or more of the following has occurred: [¶] (i) No conviction occurred, the charge has been dismissed, and the charge may not be refiled. [¶] (ii) No conviction occurred and the arrestee has been acquitted of the charges. [¶] (iii) A conviction occurred, but has been vacated or reversed on appeal, all appellate remedies have been exhausted, and the charge may not be refiled." (§ 851.91, subd. (a)(1).)

As those plain terms make clear, a defendant may petition to have their arrest records sealed only if they were not *as a matter of historical fact* convicted or if they did suffer a conviction which an appellate court reversed or vacated. Section 851.91 does not permit a petition to seal arrest records for someone—like Wohn—who did in fact suffer a conviction (by plea) but had the conviction dismissed by the trial court under section 1210.1, subdivision (e). Section 1210.1, subdivision (e), had long been in effect when the Legislature enacted section 851.91. If they had intended to allow petitioners who had their convictions dismissed under section 1210.1, subdivision (e), to take advantage of its provisions, they would have included that mechanism under the provision setting out the circumstances in which "an arrest did not result in a conviction." (§ 851.91, subd. (a)(1).)

Wohn argues that, notwithstanding this statutory definition, his arrest did not result in a conviction for purposes of section 851.91 because section 1210.1 directs that

4

when a conviction is dismissed under its provisions, "both the arrest and the conviction shall be deemed never to have occurred." (§ 1210.1, subd. (e)(1).) As the People point out, another appellate court considered and rejected the same argument in *People v. D.C.* (2020) 54 Cal.App.5th 727 (*D.C.*). That court concluded that, "[c]ontrary to defendant's argument, his arrest did result in a conviction," and "[t]hough that conviction was later set aside and 'deemed never to have occurred' . . . it still exists for some purposes." (*Id.* at p. 735.) For example, a conviction "deemed never to have occurred" under section 1210.1, subdivision (e)(1), must still be disclosed in response to any direct question or application for public office, may be disclosed by the state if the defendant applies to be a law enforcement officer, and still restricts the defendant's second amendment rights. (*D.C.*, at p. 736.)

We agree with the *D.C.* court that "[w]hile defendant's arrest and conviction are deemed never to have occurred for most purposes, we cannot conclude this [makes him] the equivalent of a defendant who was arrested but never convicted. Rather, because defendant's arrest and conviction still exist for some purposes, he is in a markedly different position from someone who was never convicted at all." (*D.C.*, *supra*, 54 Cal.App.5th at p. 736.) The bottom line is section 851.91 provides a way to seal arrest records for any person who has been arrested but never properly convicted, while section 1210.1 provides relief to people who *were convicted* of certain drug offenses but successfully completed treatment and probation. We agree with *D.C.* that these two

5

statutory schemes are fundamentally distinct and apply to defendants in completely different circumstances.

## III.  DISPOSITION

We affirm the order denying Wohn's petition to seal his arrest record.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH              
J.

We concur:


RAMIREZ          
          P. J.


MILLER           
          J.